UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ESPERANZA VIDAL,

                Plaintiff,

- against -

EAGER CORP., d/b/a RONI'S LAUNDROMAT,
d/b/a RONI'S BRIGHT LAUNDROMAT;
JOSE LUCAS; JOHN DOES and JANE DOES #1–10,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-979 (RRM) (ST)

ROSLYNN R. MAUSKOPF, United States District Judge.

On February 26, 2016, Esperanza Vidal brought this action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law (the "NYLL"), N.Y. Lab. Law §§ 250 *et seq.* She then filed an amended complaint, alleging that her employer, Eager Corp. (d/b/a Roni's Bright Laundromat), and Jose Lucas, an owner of Eager Corp., committed numerous violations of the FLSA and NYLL, including failure to pay minimum wage and overtime compensation. (Am. Compl. (Doc. No. 15) at ¶ 3.) Eager Corp. and Jose Lucas answered the amended complaint on June 14, 2017. (Answer (Doc. No. 27).) At the parties' request, Magistrate Judge Tiscione referred the parties to the Court-Annexed Mediation Program. (06/16/2017 Min. Entry (Doc. No. 29).) After mediation, the parties agreed to settle the case, and, on January 16, 2018, they filed a settlement agreement (the "Settlement") for the Court to approve pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (Settlement Ltr. (Doc. No. 33).)

The Settlement in this case requires Eager Corp. to pay a total of $32,000.00. (*Id.* at 2.)[1] Of that amount, Vidal will receive $20,616.66, and her attorney will receive $11,383.34. (*Id.*) For the reasons set forth below, the Court finds the Settlement to be fair and reasonable.

## DISCUSSION

To promote the FLSA's goal of "prevent[ing] abuses by unscrupulous employers, and remedy[ing] the disparate bargaining power between employers and employees," the district court or the Department of Labor must first approve a settlement in an FLSA case. *Cheeks*, 796 F.3d at 207. Accordingly, the Court cannot dismiss the complaint until it finds that the terms of the settlement are "fair and reasonable." *Flores v. Food Express Rego Park, Inc.*, No. 15-CV-1410 (KAM) (SMG), 2016 WL 386042, at *1 (E.D.N.Y. Feb. 1, 2016). A "fair and reasonable" settlement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Networking Computing USA, Inc.*, No. 07-CV-86 (JS) (MLO), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (internal quotation marks and citation omitted).

### I. Settlement Amount

In her amended complaint, Vidal alleges that she worked about 64 hours per week and was paid a fixed weekly salary of $448 from 2005 until December 31, 2015, and then received $480 thereafter. (Am. Compl. at ¶¶ 21–22.) In their joint letter to the Court, the parties estimate that were Vidal to prevail on all her claims, she would receive $32,174.52 in back wages, not including liquidated damages. (Settlement Ltr. at 1.) Under the terms of the proposed settlement, Vidal will receive $20,616.66. (Settlement Ltr. at 2; Proposed Settlement (Doc. No. 33-1) at ¶ 1).)

---

[1] For ease of reference, all citations to court documents refer to Electronic Case Filing ("ECF") pagination.

2

To determine whether that award is "fair and reasonable," courts consider a host of factors, including: (1) the plaintiff's range of possible discovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud and collusion. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see also Lopez v. 41-06 Bell Blvd. Bakery LLC*, No. 15-CV-6953 (SJ) (PK), 2016 WL 6208481, at *1 (E.D.N.Y. Oct. 3, 2016) (applying the *Wolinsky* factors to determine whether an FLSA settlement is fair and reasonable).

The terms of the Settlement in this case were hammered out during mediation, which suggests both that the provisions are the product of arm's length bargaining and that there is a reduced risk of collusion between the plaintiff's attorney and defense counsel. Furthermore, the Settlement provides Vidal with a large percentage of the full amount of back pay that is allegedly owed to her. Accordingly, the Court finds that the settlement amount is fair and reasonable.

**II.    Attorney's Fees**

Under the Settlement, Vidal's lawyers receive $11,383.34 from Eager Corp. (Settlement Ltr. at 2; Proposed Settlement at ¶ 1.) Courts in this circuit generally approve attorney's fees that represent one-third contingency fees. *See Karic v. Major Automotive Companies, Inc.*, No. 09-CV-5708 (CLP), 2016 WL 1745037, at *8 (E.D.N.Y. Apr. 27, 2016) (collecting cases) ("Courts in this Circuit have often approved requests for attorney's fees amounting to 33.3% of a settlement fund.").

Here, the $11,383.34 in attorney's fees includes (1) $1,075 in filing and mediation fees and (2) one-third of the remaining settlement amount, $10,308.34. The Settlement therefore

3

provides Vidal's attorney with about 35% of the total settlement fund. This is roughly a standard percentage for attorneys to receive.

The partner on Vidal's case billed $400 per hour, which is reasonable for this District. *See, e.g., Romero v. Westbury Jeep Chrysler Dodge, Inc.*, No. 15-CV-4145 (ADS) (SIL), 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) ("Recent decisions in the Eastern District of New York have determined that reasonable hourly rates in FLSA cases are approximately $300–$450 for partners . . ."). Though counsel does not state how many hours he billed, the parties explain that this case has been ongoing since February 2016, and has involved several court appearances, as well as a full mediation session. (Settlement Ltr. at 3.) Accordingly, the Court finds that the attorney's fees are fair and reasonable.

### III. Release

The proposed settlement requires Vidal to release Eager Corp. from certain claims. The Court must ensure that the defendant is not using "the FLSA claim . . . to leverage a release from liability unconnected to the FLSA." *Camacho v. ESS-A-Bagel, Inc.*, No. 14-CV-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014). Courts have rejected releases where the plaintiff would have to "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Cheeks*, 796 F.3d at 206 (internal quotation marks and citation omitted). However, FLSA settlement releases "may include claims not presented and even those which could not have been presented, but only when the released conduct arises out of the identical factual predicate as the settled conduct." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. Mar. 30, 2015) (internal quotation marks omitted).

The Settlement requires that Vidal:

4

> "With respect solely and only to conduct that has arisen on, or prior to, the date of this Agreement is executed, fully and forever release[] . . . Defendants from all actions, causes of action, suits, debts, due, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fairs Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act . . ."

(Proposed Settlement at 3.) Though far-reaching, the Settlement explicitly cabins the release to claims that relate to conduct predating the Settlement. Therefore, it does not release Eager Corp. from "practically all claims," but rather prevents Vidal from litigating matters that could have been raised in this case. *Bares v. Valente Landscaping Inc.*, No. 14-CV-1434 (SIL), 2016 WL 4991595, at *3 (E.D.N.Y. Sept. 15, 2016). Accordingly, the release clause is fair and reasonable.

IV.   **No-Entry & No-Contact Provision**

Under the Settlement, Vidal "agrees not to enter [Eager Corp.'s] establishment and/or premises under any circumstances. [Vidal] further covenants and agrees not to contact the Company's employees at the Company's establishment and/or premises, unless [Vidal] first receives the prior written consent of the Company's principal." (Proposed Settlement at ¶ 14.) A "stay away order is not inherently improper under *Cheeks* if it is fully negotiated and clearly circumscribed." *Griffith v. Sterling-Grant Inc.*, No. 16-CV-3442 (CBA) (PK), 2017 U.S. Dist. LEXIS 127379, at *21 (E.D.N.Y. Aug. 9, 2017). Here, the no-entry and no-contact provision is limited because Vidal may continue to contact employees outside Eager Corp.'s premises. This mitigates the concern, articulated in *Cheeks*, that employers hide behind private settlements and coercive confidentiality provisions to continue violating the FLSA. This is especially true in light of the fact that the Settlement includes neither a non-disparagement nor a confidentiality provision. *Cf. Baikin v. Leader Sheet Metal, Inc.*, No. 16-CV-8194 (ER), 2017 U.S. Dist. LEXIS

5

37122, at *2 (S.D.N.Y. Mar. 13, 2017) (rejecting a no-entry provision in an FLSA settlement, which also included confidentiality and non-disparagement clauses).

V.     Response to Subpoena & No Future Employment

The Settlement requires that in the event Vidal is subpoenaed to give testimony, "which in any way relates to the Defendants, her prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, [Vidal] will give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure." (Proposed Settlement at ¶ 15.) Additionally, Vidal and Eager Corp. agreed that should Vidal "apply to work for the Company, in any capacity, the Company, based on this clause, may deny [Vidal] employment for any position she seeks . . ." (Proposed Settlement at ¶ 18.) Because the provisions do not prohibit Vidal from providing testimony nor categorically bar her from employment at Eager Corp., the Court finds that the Settlement is fair.

## CONCLUSION

For the reasons stated above, the Court finds that the Settlement is fair and reasonable. Accordingly, the parties' joint application for approval of their settlement agreement is granted.

SO ORDERED.

Dated: Brooklyn, New York
       March 13, 2018

s/Roslynn R. Mauskopf

ROSLYNN R. MAUSKOPF
United States District Judge